UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIGME TENZIN,

                  Plaintiff,

        -against-

UNITED STATES POST OFFICE (BRANCH),

                Defendant.

22-CV-9141 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against the United States Postal Service ("USPS"), alleging that his local post office branch refuses to deliver a package to his apartment. By order dated October 26, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following information is taken from the complaint. Plaintiff ordered products from

an online store and the package was sent to the USPS for shipping. On October 18, 2022, a note

was left on Plaintiff's mailbox stating that the USPS had attempted a delivery. Plaintiff contacted

the USPS's toll free number for the package to be redelivered, but it never arrived. When

Plaintiff called the post office, the branch at 215 West 104th Street informed him that they do not

deliver packages to buildings with apartments above the fifth floor, and as Plaintiff's resided on

the seventh floor, they refused to deliver the package to his apartment. Plaintiff claims that it is

likely that the package was sent back to the warehouse, and he might get a refund, but he is still

unable to receive products as needed because the alleged violation is likely to happen again.

Plaintiff sues the USPS and seeks the redelivery of his package and money damages.

2

## DISCUSSION

The USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies and employees acting in their official capacities, except where sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). As a governmental agency, the USPS and its employees are entitled to sovereign immunity. *See Dolan v. USPS*, 546 U.S. 481, 484 (2006).

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (FTCA), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). Congress, however, has carved out certain exceptions to the FTCA's broad waiver of sovereign immunity. One exception is the "postal matter exception," which preserves sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004). The Supreme Court has construed this provision as retaining immunity for "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489. Thus, the USPS is immune from suit for "personal or financial harms arising from nondelivery or late delivery of sensitive materials or information[.]" *Id.*

3

Plaintiff's claim falls squarely within the postal matter exception. The FTCA therefore does not waive the sovereign immunity of the USPS for such a claim, and Plaintiff's claims must be dismissed on the basis of sovereign immunity.[1]

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   November 7, 2022
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

---

[1] Members of the public who have not received adequate postal service may file complaints with the Postal Regulatory Commission, which has exclusive jurisdiction over such complaints. *See* 39 U.S.C. § 3662 (2006); *Nat'l Post Office Collaborative v. Donahoe*, No. 3:13-CV-1406, 2013 WL 5818901, at *3 (D. Conn. Oct. 28, 2013) ("Unhappy postal patrons were given recourse to the PRC.").