UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J JIGME TENZIN,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>UNITED STATES POST OFFICE (BRANCH),<br><br>　　　　　　　　　Defendant. | 22-CV-9141 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

　　　Plaintiff, who is appearing *pro se*, filed this action against a United States Postal Service branch office, alleging that it refused to deliver a package to his apartment. By order dated November 7, 2022, the Court dismissed this action under the doctrine of sovereign immunity and for failure to state a claim on which relief may be granted. Plaintiff appealed the dismissal, and by mandate issued on May 15, 2023, the United States Court of Appeals for the Second Circuit denied him leave to proceed *in forma pauperis* ("IFP") on appeal, and dismissed his appeal "because it lack[ed] an arguable basis in law or fact." *Tenzin v. United States Post Office, (Branch)*, No. 22-3004 (2d Cir. May 15, 2023).

　　　On June 2, 2023, the Court received from Plaintiff a motion for reconsideration, in which he expresses his apparent belief that the Second Circuit dismissed his appeal because it did not receive his IFP application with respect to his appeal. Plaintiff attaches to the motion documents in support of his request to proceed IFP on appeal. After reviewing Plaintiff's contentions, the Court denies the motion.

## DISCUSSION

**A.     Jurisdiction**

Plaintiff filed this motion for reconsideration after the Court of Appeals dismissed his appeal. "[W]here the appellate court has already considered and rejected the basis for a [motion for reconsideration]," *DeWeerth v. Baldinger*, 38 F.3d 1266, 1270 (2d Cir. 1994), a district court does not have jurisdiction to grant the motion unless it is based on newly discovered evidence or later events not considered by the appellate court, *see Searles v. City of Beacon*, 488 F. App'x 511, 512 (2d Cir. 2012) (citing *DeWeerth*, 38 F.3d at 1270); *see also Standard Oil Co. v. United States*, 429 U.S. 17 (1976) (holding that, under certain circumstances, a district court may reopen a case that has been reviewed on appeal). Plaintiff brings this motion under the misconception that the Second Circuit dismissed his appeal because it did not receive his IFP application with respect to that appeal. Court records indicate, however, that the Second Circuit received Plaintiff's request to proceed IFP on appeal on December 9, 2022, *see Tenzin*, No. 22-3004, ECF 13, and that his appeal was dismissed as frivolous. Because the present motion is not based on newly discovered evidence or later events not considered by the appellate court, the Court lacks jurisdiction of Plaintiff's motion. The Court therefore denies the present motion.

**B.     Motion for Reconsideration under Rule 60(b)**

Plaintiff's motion for reconsideration is based on a misconception. To the extent he may be seeking relief from this Court's judgment, however, the Court liberally construes the submission as a motion for relief from a final judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Even if the Court had jurisdiction to consider the motion, it must still be denied. Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on Rule 60(b)(1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court finds that Plaintiff has not alleged facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of this action, his request for relief under Rule 60(b) is denied.

Because this matter remains closed, the Court will not accept any further submissions in this case, except for papers directed to the Second Circuit.

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration (ECF 8). All other pending matters in this case are terminated.

This action is closed. The Clerk of Court is directed not to accept any further submissions under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   June 12, 2023
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge